**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000014
09-JAN-2018
08:22 AM**

NOS. CAAP-16-0000014 and CAAP-16-0000535

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DEWITT LONG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-1613)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

In this consolidated appeal,[1] Defendant-Appellant Dewitt Long (Long) appeals, in CAAP-16-0000014, from the December 11, 2015 Judgment of Conviction and Sentence and in CAAP-16-0000535, from the June 24, 2016 Findings of Fact, Conclusions of Law and Order Denying Defendant Dewitt Long's Motion for Reduction of Sentence, entered by the Circuit Court of the First Circuit[2] (Circuit Court).

On appeal, Long argues that (1) the Circuit Court abused its discretion in severing the charges pertaining to each complaining witness; (2) there was insufficient evidence establishing a chain of custody for the admission of Long's boxer shorts into evidence; (3) there was insufficient evidence to support his conviction for sexual assault offenses against complaining witness N.T.; (4) there was insufficient evidence to support his conviction for sexual assault offenses against complaining witness K.C.; and (5) the Circuit Court abused its

---

[1]     CAAP-16-0000014 and CAAP-16-0000535 were consolidated by order of this court on November 28, 2017.

[2]     The Honorable Edward H. Kubo, Jr. presided.

discretion in sentencing Long to extended and consecutive terms of imprisonment. Long also argues that the Circuit Court abused its discretion when it denied Long's motion for reduction of sentence (Motion for Reduction).

### 1. Severance of Charges

Long argues that the Circuit Court erred by severing the trials for N.T. and K.C. because "severing the cases . . . led to exponentially increased proceedings and ultimately enhanced punishments." Long's argument is without merit.

Long not only failed to raise this argument before the Circuit Court, but specifically requested that the Circuit Court sever the counts involving K.C. from those involving N.T. and subsequently confirmed that request. Long has therefore waived this argument. State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases.").

### 2. Chain of Custody

> In showing chain of custody, all possibilities of tampering with an exhibit need not be negated. Chain of custody is sufficiently established where it is reasonably certain that no tampering took place, with any doubt going to the weight of the evidence. An accounting of hand-to-hand custody of the evidence between the time it is obtained and the time admitted to trial is not required in establishing chain of custody. And despite the mere possibility that others may have had access to the exhibits, there exists a reasonable certainty that no tampering took place.

State v. DeSilva, 64 Haw. 40, 41, 636 P.2d 728, 730 (1981) (citations omitted).

Long does not allege that someone tampered with the exhibit--Long's boxer shorts recovered when he was arrested--but argues that the Circuit Court should not have admitted the boxer shorts into evidence in light of the delay in submitting the evidence to the evidence custodian. At trial, the evidence specialist testified that he (1) obtained possession of Long's boxer shorts from Officer Dang on October 22, 2012 at the Kapolei police station, (2) placed them in a locked evidence locker at HPD for which only he had the key, and (3) did not alter,

substitute, or tamper with the boxer shorts, nor did he allow anyone else access to the boxer shorts while the exhibit was in his care and custody. The evidence specialist also testified that the delay until October 30, 2012 in submitting this evidence to the evidence custodian could be due to his working on other cases or the need to process the items--such as photographing them--prior to submitting the evidence to the evidence custodian.

Based on this record, and in light of Long's failure to point to evidence of tampering, the Circuit Court did not abuse its discretion in admitting the boxer shorts into evidence. See DeSilva, 64 Haw. at 41, 636 P.2d at 730.

### 3. Sufficiency of Evidence--N.T.

Long's claim that there was insufficient evidence supporting his conviction for the counts relating to N.T. is without merit. Long argues that there was insufficient evidence to support his sexual assault convictions involving N.T.[3] because

---

[3] Long was charged with the following:

COUNT 9: On or about the 9th day of May, 2011, to and including the 10th day of May, 2011, in the City and County of Honolulu, State of Hawaii, DEWITT LONG did knowingly engage in sexual penetration with N.T., who was at least fourteen years old but less than sixteen years old, by inserting his penis into her genital opening, and DEWITT LONG was not less than five years older than N.T. and was not legally married to her, thereby committing the offense of Sexual Assault in the First Degree, in violation of Section 707-730(1)(c) of the Hawaii Revised Statutes.

. . . .

COUNT 10: On or about the 9th day of May, 2011, to and including the 10th day of May, 2011, in the City and County of Honolulu, State of Hawaii, DEWITT LONG did knowingly engage in sexual contact with N.T., who was at least fourteen years old but less than sixteen years old, or did cause N.T. to have sexual contact with DEWITT LONG, by placing his mouth on her breast, and DEWITT LONG was not less than five years older than N.T. and was not legally married to her, thereby committing the offense of Sexual Assault in the Third Degree in violation of Section 707-732(1)(c) of the Hawaii Revised Statutes.

. . . .

COUNT 11: On or about the 9th day of May, 2011, to and including the 10th day of May, 2011, in the City and County of Honolulu, State of Hawaii, DEWITT LONG did knowingly engage in sexual contact with N.T., who was at least fourteen years old but less than sixteen years old, or did cause N.T. to have sexual contact with DEWITT LONG, by

(continued...)

N.T.'s version of the incident was "complete [sic] implausible." Specifically, Long contends that N.T.'s version of events was implausible because "N. [T.] claimed she was afraid something bad was going to happen to her while with [Long]," however, she never tried to escape or ask for help during the course of events on the night that she was sexually assaulted. Long's claim that N.T.'s story was "implausible" goes to the credibility of N.T.'s testimony. It is well-settled that "[a]n appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." State v. Eastman, 81 Hawai‘i 131, 139, 913 P.2d 57, 65 (1996). N.T. testified that Long "stuck his penis in [her] vagina," sucked her breasts, and

---

[3](...continued)
placing his hand on her breast, and DEWITT LONG was not less than five years older than N.T. and was not legally married to her, thereby committing the offense of Sexual Assault in the Third Degree in violation of Section 707-732(1)(c) of the Hawaii Revised Statutes.

HRS §§ 707-730 (2014) and -732 (2014) provide, in relevant part:

§ 707-730 Sexual assault in the first degree. (1) A person commits the offense of sexual assault in the first degree if:

. . . .

(c)    The person knowingly engages in sexual penetration with a person who is at least fourteen years old but less than sixteen years old; provided that:

(i)    The person is not less than five years older than the minor; and

(ii)   The person is not legally married to the minor[.]

§ 707-732 Sexual assault in the third degree. (1) A person commits the offense of sexual assault in the third degree if:

(c)    The person knowingly engages in sexual contact with a person who is at least fourteen years old but less than sixteen years old or causes the minor to have sexual contact with the person; provided that:

(i)    The person is not less than five years older than the minor; and

(ii)   The person is not legally married to the minor[.]

4

touched her breasts with his hands. There was substantial evidence to support the Circuit Court's conclusion that Long was guilty of Counts 9 thorough 11.

### 4. Sufficiency of Evidence--K.C.

Long argues that there was insufficient evidence to support his convictions for the sexual assault of K.C.[4] because "there was no DNA evidence to prove that [Long] ever placed his fingers in K.C.'s vagina" and "[t]here was no evidence of any DNA or semen belonging to Long on K.C." Long, however, provides no legal support for his argument that the State was required to submit evidence that his DNA was recovered from K.C. in order to sustain his convictions for sexual assault in the first degree.

"Sufficient evidence to support a conviction can be established through the testimony of a single witness." State v. Smith, 106 Hawai'i 365, 372, 105 P.3d 242, 249 (App. 2004). At trial, K.C. testified that she was thirteen years old on October 21, 2012. She further testified that Long put "his fingers into [her] vagina" and that Long "put his penis into [her] vagina." K.C.'s version of events on the night in question was corroborated by the testimony of one of her friends who was with her that night, by Officer Rivera who witnessed what appeared to be sexual intercourse between Long and K.C. through the bedroom window, and by the presence of K.C.'s DNA on Long's boxer shorts. Viewing the evidence in the light most favorable to the prosecution, there was substantial evidence to support the

---

[4] With regard to K.C., Long was charged with the following:

COUNT 1: On or about the 21st day of October, 2012, in the City and County of Honolulu, State of Hawaii, DEWITT LONG did knowingly engage in sexual penetration with K.C., who was less than fourteen years old, by inserting his penis into her genital opening, thereby committing the offense of Sexual Assault in the First Degree, in violation of Section 707-730(1)(b) of the Hawaii Revised Statutes.

. . . .

COUNT 3: On or about the 21st day of October, 2012, in the City and County of Honolulu, State of Hawaii, DEWITT LONG did knowingly engage in sexual penetration with K.C., who was less than fourteen years old, by inserting his finger into her genital opening, thereby committing the offense of Sexual Assault in the First Degree, in violation of Section 707 -730(1)(b) of the Hawaii Revised Statutes.

jury's verdict.  See State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998); see also State v. West, 95 Hawai'i 452, 464, 24 P.3d 648, 660 (2001).  The State, therefore, presented sufficient evidence to support Long's convictions for Sexual Assault in the First Degree.

### 5.  Sentencing

Long argues that the Circuit Court abused its discretion by sentencing him to extended and consecutive terms of imprisonment.  Long does not challenge the Circuit Court's authority to impose either extended or consecutive terms nor does he dispute that the jury found the State proved beyond a reasonable doubt that Long was a multiple offender and that it was necessary for the protection of the public to extend his sentence from a twenty-year term to a life sentence of imprisonment.  See HRS § 706-662 (2014); see also HRS § 706-664 (2014).  Rather, without identifying any support presented in the record, Long argues only that "a twenty year sentence would have been more than sufficient" in light of factors we presume Long gleaned from HRS § 706-606 (2014).[5]

---

[5]     HRS § 706-606 requires that the sentencing court consider the following factors in determining the particular sentence to be imposed:

    (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    The need for the sentence imposed:

        (a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

        (b)    To afford adequate deterrence to criminal conduct;

        (c)    To protect the public from further crimes of the defendant; and

        (d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    The kinds of sentences available; and

    (4)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Long fails to present specific argument with respect to the imposition of consecutive sentences. "[A]bsent clear evidence to the contrary, it is presumed that a sentencing court will have considered all the factors." State v. Hussein, 122 Hawai'i 495, 518, 229 P.3d 313, 336 (2010) (citation, internal quotation marks, ellipses, emphasis, and some brackets omitted). However, the sentencing court "should explain its rationale for each consecutive sentence in order to inform the defendant and appellate courts of the specific factors underlying each sentence." State v. Barrios, 139 Hawai'i 321, 337, 389 P.3d 916, 932 (2016). While the Circuit Court specifically stated that it decided upon Long's sentence after consideration of statutory factors, mitigating factors and the testimony presented at trial, and identified the victims' ages, multiple counts, extensive criminal history, and failure to benefit from previous court supervision, the Circuit Court also made and emphasized findings relating to the fact that there were two separate victims in two separate incidents involved in these offenses. Counts 1, 3, and 8 related to K.C. Counts 9, 10, and 11 related to N.T. The Circuit Court, however, denied the State's motion to make the sentences in Counts 1, 3, and 8 consecutive to sentences in Counts 9, 10, and 11. Thus, the fact that the offenses involved two separate victims in two separate incidents does not appear to support making the sentence in Count 8 consecutive to the sentences in Counts 1 and 3. Therefore, there is no clear rationale for the imposition of consecutive sentences in this case. See, Barrios, 139 Hawai'i at 337, 389 P.3d at 932 ("the sentencing court should specify that basis or identify another basis for determining how many consecutive sentences to impose").

Given our resolution of this issue, we do not reach Long's argument that his sentence constituted cruel and unusual punishment.

Therefore, we vacate the December 11, 2015 Judgment of Conviction and Sentence in CAAP-16-0000014 to the extent it imposes consecutive sentences and remand for resentencing before

another judge.  As the sentence Long challenges in CAAP-16-0000535 has been vacated, we dismiss this appeal as moot.

DATED:  Honolulu, Hawai'i, January 9, 2018.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

8